# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| BURLEY LICENSING LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> WALMART, INC. and WAL-MART § <br> STORES TEXAS, LLC, § <br> § <br> Defendants. § | Case No. 6:21-CV-00863-ADA <br><br> Jury Trial Demanded |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants Walmart, Inc. and Wal-Mart Stores Texas, LLC (collectively, "Walmart"), by and through their attorneys, answers the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Burley Licensing LLC ("Burley").

## RESPONSE TO COMPLAINT

In response to the allegations set forth in the numbered paragraphs of Burley's Complaint, Walmart responds as follows.[1] Allegations not expressly admitted herein are denied.

## NATURE OF THE ACTION

1. Walmart admits that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, but denies any such infringement as alleged by Burley.

## THE PARTIES

2. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

---

[1] The headings in the Complaint are reproduced herein for the convenience of the reader. To the extent such headings include or infer allegations, they are denied.

1

3. Walmart, Inc. admits that it is a Delaware corporation and that it maintains a place of business at 702 SW 8th Street, Bentonville, Arkansas 72716. Walmart, Inc. admits it may be served with process through its registered agent, C T Corporation System, located at 1999 Bryan St, Suite 900, Dallas, TX 75201. Walmart, Inc. admits it has been authorized to do business in the State of Texas and the Western District of Texas since October 29, 1974, under Texas SoS File Number 0003668006.Walmart, Inc. denies the remaining allegations in paragraph 3.

4. Wal-Mart Stores Texas, LLC admits that it is a Delaware corporation and that it maintains a place of business at 702 SW 8th Street, Bentonville, Arkansas 72716. Wal-Mart Stores Texas, LLC admits it may be served with process through its registered agent, C T Corporation System, located at 1999 Bryan St, Suite 900, Dallas, TX 75201. Wal-Mart Stores Texas, LLC admits it has been authorized to do business in the State of Texas and the Western District of Texas since June 26, 2007, under Texas SoS File Number 0800834865. Walmart denies the remaining allegations in paragraph 4.

5. Denied.

**JURISDICTION AND VENUE**

6. Walmart denies that it has or continues to commit any acts of infringement in this judicial district or otherwise. For the purposes of this action only, Walmart submits to this Court's personal jurisdiction over Walmart. Walmart denies the remaining allegations of paragraph 6.

7. For the purposes of this action only, Walmart submits to this Court's jurisdiction over Walmart. Walmart denies the remaining allegations of paragraph 7.

8. Denied.

9. Walmart admits that it operates the number of retail units and distribution centers in Texas listed at https://corporate.walmart.com/our- story/locations/united-states/texas, Walmart

is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9, and therefore denies them.

10. Walmart admits that Walmart operates distribution centers in Texas, including the distribution center located at 9605 NW H K Dodgen Loop, Temple, Texas, 76504.

11. Walmart admits that the Accused Laptop Products are sold online via Walmart.com and distributed through Walmart's fulfilment centers. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 and therefore denies them.

12. Walmart admits that Walmart operates retail stores in the State of Texas, including 600 Hewitt Dr, Waco, Texas, 76712; 4320 Franklin Ave, Waco, Texas, 76710; 1521 I-35 N, Bellmead, Texas, 76705; and 733 Sun Valley Blvd, Hewitt, Texas, 76643, in this judicial district.

13. Walmart denies the allegations of paragraph 13, as the Accused Laptop Products are sold online via Walmart.com.

14. Walmart admits that it operates retail stores in the Western District of Texas, however Walmart denies the remaining allegations of paragraph 14.

15. Walmart, Inc. admits that it markets, offers to sell, and/or sells the Accused Laptop Products in the United States via Walmart.com and distributes them through Walmart's fulfillment centers, Walmart denies the remaining allegations of paragraph 15. Wal-Mart Stores Texas, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies them.

16. Walmart admits that it has directly or indirectly, sold and offered to sell, the Accused Laptop Products within the United States, however Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and

therefore denies them. Wal-Mart Stores Texas, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies them.

17. Denied.

18. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies them.

19. For the purpose of this action only, Walmart submits to this Court's personal jurisdiction over Walmart. Walmart denies the remaining allegations of paragraph 19.

20. Walmart admits Walmart maintains a regular and established place of business in the Western District of Texas; and owns, manages, and operates facilities in this State and the Western District of Texas. Walmart denies the remaining allegations of paragraph 20.

21. For the purpose of this action only, Walmart, Inc. admits that venue is proper in this Court. Walmart denies the remaining allegations in paragraph 21.

22. Walmart admits that this judicial district was deemed to be a proper venue in C.A. No. 17-cv-01145-RP.

23. Walmart, Inc. admits that Walmart, Inc. has stated that it "operates multiple store locations in the State of Texas, including [the Western District of Texas]; that it has done business in [the Western District of Texas]; that its customers and potential customers reside in the State of Texas and [the Western District of Texas]; and that it benefits financially from the Texas market" in C.A. No. 17-cv-01145-RP. Walmart, Inc. denies that venue is convenient but does not contest venue is proper in this District.

24. Walmart admits Walmart has previously maintained and continues to maintain a regular and established place of business in this judicial district.

## UNITED STATES PATENT NO. 7,082,167

25. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies them.

26. Walmart admits that 35 U.S.C. § 282 creates a presumption of validity, but Walmart denies that the '167 patent is valid or enforceable. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

28. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and therefore denies them

29. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore denies them.

30. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore denies them.

31. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore denies them.

32. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore denies them.

33. Denied.

## CLAIMS FOR RELIEF

### Count I – Infringement of United States Patent No. 7,082,167

34. Walmart re-alleges and incorporates by reference each of its responses to the foregoing paragraphs with the same force and effect as though fully set forth herein.

35. Denied.

36. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, and therefore denies them.

37. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37, and therefore denies them. To the extent that paragraph 37 involves citations to publicly available online sources, Walmart denies those allegations as characterizations of written documents and respectfully refers the Court to those documents for the full content thereof.

38. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and therefore denies them. To the extent that paragraph 38 involves citations to publicly available online sources, Walmart denies those allegations as characterizations of written documents and respectfully refers the Court to those documents for the full content thereof.

39. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, and therefore denies them. To the extent that paragraph 39 involves citations to publicly available online sources, Walmart denies those allegations as characterizations of written documents and respectfully refers the Court to those documents for the full content thereof.

40. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, and therefore denies them. To the extent that paragraph 40 involves citations to publicly available online sources, Walmart denies those allegations as

characterizations of written documents and respectfully refers the Court to those documents for the full content thereof.

41. Denied.

42. Denied.

## JURY DEMAND

43. A response is not required to Burley's demand for jury trial.

## PRAYER FOR RELIEF

Walmart denies that Burley is entitled to any relief sought in its Prayer. Walmart has not infringed the '167 patent. Burley is not entitled to recover attorneys' fees, past and future damages, supplemental or enhanced damages, costs, prejudgment or post-judgment interest, or any other type of recovery from Walmart. Burley's Prayer should, therefore, be denied in its entirety with prejudice, and Burley should take nothing by way of the Complaint. To the extent that the Prayer for Relief includes any factual allegations, Walmart denies those allegations.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Walmart alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to the responses above, Walmart specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### FIRST DEFENSE
(No infringement)

Burley is not entitled to any relief against Walmart because Walmart does not make, use, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or

imported into the United States, any products or methods that infringe on any valid and enforceable claim of the '167 patent, whether directly, through the doctrine of equivalents, willfully or otherwise.

## SECOND DEFENSE
(Invalidity)

One or more claims of the '167 patent is invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code including, without limitation, Sections 101, 102, 103, and/or 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

## THIRD DEFENSE
(Prosecution History Estoppel and Prosecution Disclaimer)

By reasons of prior art and the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that led to the issuance of the '167 patent including, without limitation, amendments, representations, concessions, and admissions made by or on behalf of the applications, Burley is estopped and otherwise barred under the doctrines of prosecution history estoppel and/or prosecution disclaimer from asserting that the claims of the '167 patent are infringed by Walmart or Walmart products or services, either directly, through the doctrine of equivalents, or otherwise.

## FOURTH DEFENSE
(Lack of standing)

On information and belief, Burley is not entitled to recover damages or any other form of relief from Walmart because Burley lacks standing necessary to bring and maintain this action.

## FIFTH DEFENSE
(Waiver, Estoppel, Acquiescence, Unclean Hands, and Implied License)

Burley is barred from receiving some or all the relief sought in the Complaint by reason of the doctrine of waiver, estoppel, acquiescence, unclean hands, and/or implied license.

### SIXTH DEFENSE
(Failure to Provide Notice Pursuant to 35 U.S.C. §287)

Burley's claims for damages are barred, in whole or in part, for failure to provide notice pursuant to 35 U.S.C. §287.

### SEVENTH DEFENSE
(Limitation on Recovery)

Burley's claims for damages are barred, in whole or in part, by 35 U.S.C. §286.

### EIGHTH DEFENSE
(Preclusion of Costs)

On information and belief, Burley is precluded from recovering costs related to this action pursuant to 35 U.S.C. §288.

### NINTH DEFENSE
(No Willful Infringement)

Burley has alleged no facts, and Walmart has not engaged in any conduct, that entitle Burley to enhanced damages based on alleged willful infringement.

### TENTH DEFENSE
(Acts of Others)

The claims made in the Complaint are barred, in whole or in part, because Walmart is not liable for the acts of others over whom it has no control.

### ELEVENTH DEFENSE
(Ensnarement)

Burley's claims are barred or limited by the doctrine of ensnarement.

## TWELFTH DEFENSE
(Improper Venue)

Burley's allegations should be dismissed to the extent venue is improper under 28 U.S.C. § 1400.

## RESERVATION OF DEFENSES

Walmart reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may exist now or in the future be available based on discovery and further factual investigation.

## **DEMAND FOR JURY TRIAL**

Walmart demands a jury trial on all triable issues.

Dated: November 1, 2021

Respectfully submitted,

By: */s/ Brian C. Nash*
Brian C. Nash (TX Bar No. 24051103)
Timothy F. Dewberry (TX Bar No. 24090074)
Austin M. Schnell (TX Bar No. 24095985)
PILLSBURY WINTHROP SHAW PITTMAN LLP
401 Congress Avenue, Suite 1700
Austin, TX 78701
Tel: (512) 580-9629
Facsimile: (512) 580-9601
brian.nash@pillsburylaw.com
tim.dewberry@pillsburylaw.com
austin.schnell@pillsburylaw.com

*Counsel for Defendants*
*Walmart, Inc. and Wal-Mart Stores Texas, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on November 1, 2021.

                                                    */s/ Brian C. Nash*
                                                    Brian C. Nash